

email: djohnson@jjllplaw.com

December 5, 2024

**VIA ECF and Email**
Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007
(212) 805-4590
ChambersNYSDRamos@nysd.uscourts.gov

**MEMO ENDORSED**

see page 3

**RE:** *Artist Publishing Group dba APG, et al. v. Cavaliers Operating Company, LLC dba Cleveland Cavaliers,* **Case No. 24-cv-05454-ER**

Dear Judge Ramos:

This letter is submitted pursuant to this Court's Individual Rules Section 2(A)(ii) in advance of Plaintiffs' contemplated Motion to Consolidate Actions. Plaintiffs request a pre-motion conference regarding their sought-after relief.

On July 19, 2024, plaintiffs Artist Publishing Group dba APG; Kasz Money, Inc.; KMA Assets LLP; Kobalt Music Publishing America, Inc. dba KPMA; MXM Music AB dba MXM; and Prescription Songs, LLC (collectively, "Plaintiffs") filed their Complaint against defendant Cavaliers Operating Company, LLC dba Cleveland Cavaliers, asserting causes of action for (1) Direct Copyright Infringement, (2) Contributory Copyright Infringement, and (3) Vicarious Copyright Infringement. Also on July 19, 2024, Plaintiffs[1] filed respective Complaints against thirteen (13) other individual National Basketball Association ("NBA") team defendants (collectively, the "Teams" or "Defendants") (the fourteen total actions collectively referred to herein as the "NBA Cases"). Each of the Teams has retained identical counsel to represent it in the NBA Cases.

Plaintiffs seek to consolidate the remaining thirteen[2] NBA Cases.

---

[1] Two of the Plaintiffs in each of the NBA Cases are identical; the remainder have the same corporate parent, a unity of interest in the outcome of the case, and/or are represented by the same counsel.

[2] Plaintiffs first filed the case entitled *Artist Publishing Group dba APG, et al. v. Atlanta Hawks, L.P. dba Atlanta Hawks*, No. 24-cv-05453-VSB (S.D.N.Y.) (the "Atlanta Hawks Action"). The parties in the Atlanta Hawks Action subsequently reached a resolution and are in the process of drafting and executing a settlement agreement to dismiss the case. When that matter is dismissed, the instant matter will be the lowest numbered NBA Case.

Federal Rule of Civil Procedure ("F.R.C.P.") Rule 42, subdivision (a), grants a court discretion to consolidate cases when the "actions before the court involve a common question of law or fact…" Courts generally award such consolidation in cases when doing so would avoid unnecessary cost or delay, or when consolidation would efficiently allocate judicial resources without causing undue prejudice to parties. *Kelen v. World Financial Network Nat'l. Bank*, 302 F.R.D. 56, 63 (2014).

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* This Court has emphasized that "[c]onsolidation is a valuable and important tool of judicial administration," and "should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Kelen*, 302 F.R.D. at 63 (internal quotations and citations omitted). "Indeed, where judicial economy is concerned, a district court will generally consolidate actions." *Id.*; *accord Johnson*, 899 F.2d at 1285 ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); *accord Walker v. Deutsche Bank, AG*, 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005).

The facts and legal issues need not be identical to warrant consolidation. *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005); *see also Baron v. Talkspace, Inc.*, 2022 WL 1912255, at *2 (S.D.N.Y. June 3, 2022) ("Minor differences in facts and legal issues do not preclude consolidation.") (quotation marks omitted). Indeed, "[d]ifferences in causes of action, [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

As alleged in each of the NBA Cases' complaints, Plaintiffs own and/or control copyrights to various musical works and have identified numerous instances of copyright infringement committed by the Teams. In each case, the allegedly infringing conduct is the same. Plaintiffs allege the Teams infringed on their music catalog through videos posted on their or the NBA's website, Facebook, Instagram, Youtube, TikTok, and X (formerly Twitter). Certain songs (e.g., Juice, One Dance, Say So, I Like It, etc.) appear multiple times in videos for different Teams.

Plaintiffs have asserted the same three causes of action against each of the Teams, to which Defendants have raised identical defenses. The evidence Plaintiffs will put forth to prove ownership of the allegedly infringed works, and the copying of those works will be nearly identical in each action. In fact, Plaintiffs used the same third-party entity – TuneSat, LLC ("TuneSat") – to detect the alleged infringements by each of the Teams. As such, consolidation would ensure that TuneSat's deposition and trial testimonies will be required only once, rather than thirteen separate times, across each of the NBA Cases.

Lastly, Defendants' Answers filed in each of the NBA Cases are effectively identical and raise identical defenses.

The differences between each case effectively boil down to the specific songs exploited, on what medium(s), and by which Team(s), as well as the ultimate damage amounts. As such, the legal merits of Plaintiffs' claims and Defendants' defenses will be adjudicated in identical fashion throughout all of the NBA Cases, such that they can and should be determined in the same action.

Absent consolidation, the thirteen NBA Cases will proceed on parallel tracks with varying discovery and motion deadlines and trial dates, and before ten different judges, all in the Southern District of New York; and the courts and parties will run the risk not only of duplication of expenses and other resources, but proceeding with litigation of such commonality and similarity amongst ten different judges in the same District indeed creates the risk of inconsistent or unnecessary rulings on significantly similar – if not identical – legal issues. *See Johnson, supra*, 899 F.2d at 1285 (court should consider, among other concerns, "risk of inconsistent adjudications" and "the burden on parties"); *NYPL v. JP Morgan Chase & Co.*, 2016 WL 3211440, at *3 (S.D.N.Y. June 8, 2016) (consolidation is a "valuable and important tool" to "eliminate unnecessary repetition and confusion").

"[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera , supra*, 173 F.R.D. at 129. Here, there is no cognizable risk of confusion or prejudice, as adjudication of the issues will be virtually identical, and Plaintiffs and Defendants have the same respective counsel in all of the NBA Cases. As such, the risk of confusion or prejudice to any party is low, if not nonexistent.

Lastly, on November 22, 2024, and again on December 2, Plaintiffs' counsel informed Defendants' counsel of their intent to file a motion to consolidate the NBA Cases, and inquired as to whether Defendants would agree to consolidation. Defendants' counsel has stated they do not oppose consolidation for pre-trial proceedings, but are opposed to consolidation for all purposes.

For the foregoing reasons, Plaintiffs respectfully request that this Court set a pre-motion conference to discuss the merits of Plaintiffs' proposed motion to consolidate the NBA Cases.

> The request for a premotion conference in anticipation of a motion to consolidate 13 separate cases is denied without prejudice. As a preliminary matter, counsel does not provide the Court with a list of the cases sought to be consolidated, nor does counsel indicate that the proposed consolidation plan has been filed in the dockets of the other cases, or otherwise provided to the judges presiding over the other cases. The Court also notes that counsel does not state in his letter that related-case-treatment was previously sought before, and denied by, Judge Vernon Broderick in case *Artist Publishing Group, et al., v. Atlanta Hawks*, 24-cv-5453.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 6, 2024
> New York, New York

Cordially,

JOHNSON & JOHNSON LLP

/s/ *Douglas L. Johnson*

Douglas L. Johnson
*Counsel for Plaintiffs*