

**MEMO ENDORSED**

email: djohnson@jjllplaw.com

December 10, 2024

**VIA ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007
(212) 805-4590
ChambersNYSDRamos@nysd.uscourts.gov

> Defendants are directed to respond by January 5, 2025. A telephonic premotion conference is scheduled for January 7, 2025, at 10:30 am. The parties are directed to dial 855-244-8681 and enter 2301 087 7354# when prompted.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: December 11, 2024
> New York, New York

**RE: *Artist Publishing Group dba APG, et al. v. Cavaliers Operating Company, LLC dba Cleveland Cavaliers,* Case No. 24-cv-05454-ER**

Dear Hon. Judge Ramos:

This renewed[1] letter is submitted pursuant to this Court's Individual Rules Section 2(A)(ii) in advance of Plaintiffs' contemplated Motion to Consolidate Actions. Plaintiffs request a pre-motion conference regarding their sought-after relief.

On July 19, 2024, plaintiffs Artist Publishing Group dba APG; Kasz Money, Inc.; KMA Assets LLP; Kobalt Music Publishing America, Inc. dba KPMA; MXM Music AB dba MXM; and Prescription Songs, LLC (collectively, "Plaintiffs") filed their Complaint against defendant Cavaliers Operating Company, LLC dba Cleveland Cavaliers, asserting causes of action for (1) Direct Copyright Infringement, (2) Contributory Copyright Infringement, and (3) Vicarious Copyright Infringement. Also on July 19, 2024, Plaintiffs[2] filed respective Complaints against thirteen (13) other individual National Basketball Association ("NBA") team defendants (collectively, the "Teams" or "Defendants") (collectively, the "NBA Cases"). *See* Exhibit 1. Each of the Teams has retained identical counsel to represent it in the NBA Cases.

Plaintiffs seek to consolidate the remaining thirteen[3] NBA Cases. *See* Exh. 1. Plaintiffs' counsel will work with Defendants' counsel and the Court on a renewed Discovery Plan and Scheduling Order to consolidate the deadlines of each of the NBA Cases into one schedule.

---

[1] Plaintiffs filed their initial letter requesting a pre-motion conference on December 5, 2024, which this Court denied without prejudice.
[2] Two of the Plaintiffs in each of the NBA Cases are identical; the remainder have the same corporate parent, a unity of interest in the outcome of the case, and/or are represented by the same counsel.
[3] Plaintiffs first filed the case entitled *Artist Publishing Group dba APG, et al. v. Atlanta Hawks, L.P. dba Atlanta Hawks*, No. 24-cv-05453-VSB (S.D.N.Y.) (the "Atlanta Hawks Action"). The parties in the Atlanta Hawks Action subsequently reached a resolution and are in the process of drafting and executing a settlement agreement to dismiss the case. When that matter is dismissed, the instant matter will be the lowest numbered NBA Case.

Plaintiffs have filed a notice letter in each of the NBA Cases, notifying the presiding judge of the instant pre-motion letter and of the parties' proposed consolidation.[4] Plaintiffs attached this letter to the notice letter in each of the NBA Cases.

The thirteen actions listed above were referred to Judge Vernon S. Broderick as possibly related to 24-cv-5453 – the Atlanta Hawks Action. On July 22, 2024, Judge Broderick declined to relate each case to 24-cv-5453 and returned the cases to the wheel for assignment. While Judge Broderick declined to relate the NBA Cases, the factors informing that decision weigh in favor of consolidation, and declination to relate cases does not preclude consolidation of the NBA Cases. *See* Rules for the Division of Business Among District Judges, S.D.N.Y., Rule 13(a)(1)(A) ("Nothing in this Rule is intended to preclude parties from moving for consolidation proceedings under Fed. R. Civ. P. 42.")

Federal Rule of Civil Procedure ("F.R.C.P.") Rule 42, subdivision (a), grants a court discretion to consolidate cases when the "actions before the court involve a common question of law or fact…" Courts generally award such consolidation in cases when doing so would avoid unnecessary cost or delay, or when consolidation would efficiently allocate judicial resources without causing undue prejudice to parties. *Kelen v. World Financial Network Nat'l. Bank*, 302 F.R.D. 56, 63 (2014).

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* This Court has emphasized that "[c]onsolidation is a valuable and important tool of judicial administration," and "should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Kelen*, 302 F.R.D. at 63 (internal quotations and citations omitted). "Indeed, where judicial economy is concerned, a district court will generally consolidate actions." *Id.*; *accord Johnson*, 899 F.2d at 1285 ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); *accord Walker v. Deutsche Bank, AG*, 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005).

The facts and legal issues need not be identical to warrant consolidation. *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005); *see also Baron v. Talkspace, Inc.*, 2022 WL 1912255, at *2 (S.D.N.Y. June 3, 2022) ("Minor differences in facts and legal issues do not preclude consolidation.") (quotation marks omitted). Indeed, "[d]ifferences in causes of action, [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

As alleged in each of the NBA Cases' complaints, Plaintiffs own and/or control copyrights to various musical works and have identified numerous instances of copyright infringement

---

[4] Pursuant to Hon. Judge Rakoff's Individual Rules of Practice, Plaintiffs will be notifying the Court in the *Artist Publishing Group dba APG, et al. v. Orlando Magic, Ltd. dba Orlando Magic*, No. 24-cv-05461-JSR (S.D.N.Y.) action by joint telephone call with Defendants' counsel, rather than by written communication.

committed by the Teams. In each case, the allegedly infringing conduct is the same. Plaintiffs allege the Teams infringed on their music catalog through videos posted on their or the NBA's website, Facebook, Instagram, Youtube, TikTok, and X (formerly Twitter). Certain songs (e.g., Juice, One Dance, Say So, I Like It, etc.) appear multiple times in videos for different Teams.

Plaintiffs have asserted the same three causes of action against each of the Teams, to which Defendants have raised identical defenses. The evidence Plaintiffs will put forth to prove ownership of the allegedly infringed works, and the copying of those works will be nearly identical in each action. In fact, Plaintiffs used the same third-party entity – TuneSat, LLC ("TuneSat") – to detect the alleged infringements by each of the Teams. As such, consolidation would ensure that TuneSat's deposition and trial testimonies will be required only once, rather than thirteen separate times, across each of the NBA Cases. Lastly, Defendants' Answers filed in each of the NBA Cases are effectively identical and raise identical defenses.

The differences between each case effectively boil down to the specific songs exploited, on what medium(s), and by which Team(s), as well as the ultimate damage amounts. As such, the legal merits of Plaintiffs' claims and Defendants' defenses will be adjudicated in identical fashion throughout all of the NBA Cases, such that they can and should be determined in the same action.

Absent consolidation, the thirteen NBA Cases will proceed on parallel tracks with varying discovery and motion deadlines and trial dates, and before ten different judges, all in the Southern District of New York; and the courts and parties will run the risk not only of duplication of expenses and other resources, but proceeding with litigation of such commonality and similarity amongst ten different judges in the same District indeed creates the risk of inconsistent or unnecessary rulings on significantly similar – if not identical – legal issues. *See Johnson, supra*, 899 F.2d at 1285 (court should consider, among other concerns, "risk of inconsistent adjudications" and "the burden on parties"); *NYPL v. JP Morgan Chase & Co.*, 2016 WL 3211440, at *3 (S.D.N.Y. June 8, 2016) (consolidation is a "valuable and important tool" to "eliminate unnecessary repetition and confusion").

Here, there is no cognizable risk of confusion or prejudice, as adjudication of the issues will be virtually identical, and Plaintiffs and Defendants have the same respective counsel in all of the NBA Cases. As such, the risk of confusion or prejudice to any party is low, if not nonexistent.

Lastly, on November 22, 2024, and again on December 2, Plaintiffs' counsel informed Defendants' counsel of their intent to file a motion to consolidate the NBA Cases, and inquired as to whether Defendants would agree to consolidation. Defendants' counsel has stated they do not oppose consolidation for pre-trial proceedings, but are opposed to consolidation for all purposes.

For the foregoing reasons, Plaintiffs respectfully request that this Court set a pre-motion conference to discuss the merits of Plaintiffs' proposed motion to consolidate the NBA Cases.

Cordially,
/s/ *Douglas L. Johnson*
Douglas L. Johnson
*Counsel for Plaintiffs*

# **EXHIBIT 1**

## **List of Cases to be Consolidated**

1. *Artist Publishing Group dba APG, et al. v. Cavaliers Operating Company, LLC dba Cleveland Cavaliers*, No. 24-cv-05454-ER (S.D.N.Y.)
2. *Artist Publishing Group dba APG, et al. v. The Denver Nuggets Limited Partnership dba Denver Nuggets*, No. 24-cv-05455-JPO (S.D.N.Y.)
3. *Artist Publishing Group dba APG, et al. v. Pacers Basketball, LLC dba Indiana Pacers*, No. 24-cv-05456-AKH (S.D.N.Y.)
4. *Kobalt Music Publishing America, Inc. dba KMPA, et al. v. Miami Heat Limited Partnership dba Miami Heat*, No. 24-cv-05457-JGK (S.D.N.Y.)
5. *Artist Publishing Group dba APG, et al. v. Minnesota Timberwolves Basketball Limited Partnership dba Minnesota Timberwolves*, No. 24-cv-05458-VM (S.D.N.Y.)
6. *Artist Publishing Group dba APG, et al. v. New Orleans Pelicans NBA, LLC dba New Orleans Pelicans*, No. 24-cv-05459-VM (S.D.N.Y.)
7. *Artist Publishing Group dba APG, et al. v. New York Knicks, LLC*, No. 24-cv-05460-LJL (S.D.N.Y.)
8. *Artist Publishing Group dba APG, et al. v. Orlando Magic, Ltd. dba Orlando Magic*, No. 24-cv-05461-JSR (S.D.N.Y.)
9. *Artist Publishing Group dba APG, et al. v. Philadelphia 76ers, L.P.*, No. 24-cv-05462-GHW (S.D.N.Y.)
10. *Artist Publishing Group dba APG, et al. v. Suns Legacy Partners, L.L.C. dba Phoenix Suns*, No. 24-cv-05463-JLR (S.D.N.Y.)
11. *Artist Publishing Group dba APG, et al. v. Trail Blazers, Inc. dba Portland Trail Blazers*, No. 24-cv-05464-JGK (S.D.N.Y.)
12. *Artist Publishing Group dba APG, et al. v. Sacramento Kings Limited Partnership dba Sacramento Kings*, No. 24-cv-05465-GHW (S.D.N.Y.)
13. *Artist Publishing Group dba APG, et al. v. San Antonio Spurs, LLC*, No. 24-cv-05466-JHR (S.D.N.Y.)