```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re Kobalt Music Publishing America, Inc. Coordinated Copyright Cases**<br><br>*This filing relates to*:<br><br>All Coordinated Cases | 24-cv-05454 (ER) (BCM)<br>24-cv-05455 (JAV) (BCM)<br>24-cv-05456 (AKH)(BCM)<br>24-cv-05457 (JGK) (BCM)<br>24-cv-05458 (VM) (BCM)<br>24-cv-05459 (JAV) (BCM)<br>24-cv-05460 (LJL) (BCM)<br>24-cv-05462 (GHW)(BCM)<br>24-cv-05463 (JLR) (BCM)<br>24-cv-05464 (JGK) (BCM)<br>24-cv-05465 (GHW)(BCM)<br>24-cv-05466 (JHR) (BCM)<br><br>**COORDINATED SCHEDULING ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. Settlement. In light of the parties' representation at today's conference that three of the coordinated cases have been settled in principle, the parties are directed to promptly advise the relevant district judges as to those settlements.

2. Joinder and Amendment.

    Plaintiffs wish to amend their pleadings in a number of the coordinated cases. Plaintiffs are directed to provide their proposed amended pleadings to defendants no later than **February 17, 2025**, after which the parties must promptly meet and confer. Defendants must advise plaintiffs, no later than **February 24, 2025**, whether they will stipulate to some or all of the proposed amendments. Any stipulations to permit the amended pleadings must be filed no later than **February 25, 2025**. To the extent there is disagreement over the proposed amendments, plaintiffs may file a motion for leave to amend no later than **March 3, 2025**, accompanied by redlined copies of the proposed amended pleadings as to which the parties disagree. Unless otherwise agreed upon by the parties, opposition and reply briefs will be due in accordance with Local Civil Rule 6.1.

    Thereafter, amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties after the deadline in this paragraph must be made pursuant to Fed. R. Civ.

P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

3. Automatic Disclosures. To the extent they have not already done so, the parties must exchange all of the automatic disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **February 17, 2025**.

4. Written Discovery. To the extent they have not already done so, the parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Civil Rule 33.3(a)) no later than **February 24, 2025**.

5. Depositions and Additional Fact Discovery. All remaining fact discovery, including depositions, must be completed no later than **June 10, 2025**.

6. Expert Discovery. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), must be made no later than **June 24, 2025**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party must be made no later than **July 24, 2025**. Depositions of experts must be completed no later than **August 14, 2025**.

   The parties are advised that depositions can and should be coordinated in order to maximize efficiency. Testimony taken in any one of the coordinated cases may be used (to the extent otherwise relevant and admissible) in any other coordinated case.

7. Close of Discovery. All discovery must be completed no later than **August 14, 2025**.

8. Timely Discovery. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

9. Status Conference. Judge Moses will conduct a status conference on **May 13, 2025, at 10:00 a.m.** No later than **May 5, 2025**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

10. Conferences and Hearings. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few

        minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

11. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

12. <u>Summary Judgment</u>. Summary judgment motions, if any (or, if required by the relevant district judge, pre-motion conference letters with respect to summary judgment) must be filed no later than **30 days after the close of discovery**, and must conform to the individual practices of the district judge.

13. <u>Joint Pretrial Order</u>. The parties' proposed joint pretrial orders must be filed no later than **30 days after the close of discovery**, unless there are pre-motion conference letters with respect to summary judgment, or summary judgment motion(s), in which case the joint pretrial orders must be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order must conform to the individual practices of the district judge.

14. <u>Trial</u>. The parties have stated that the anticipated length of trial is 3-5 days. Plaintiffs have requested a jury trial.

15. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

16. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and

    review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

17. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

18. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York    **SO ORDERED**.
   February 10, 2025

                **BARBARA MOSES**
                **United States Magistrate Judge**