USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_2/20/2025\_\_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re Kobalt Music Publishing America, Inc. Coordinated Copyright Cases** | 24-cv-05454 (ER) (BCM)<br>24-cv-05455 (JAV) (BCM)<br>24-cv-05456 (AKH) (BCM)<br>24-cv-05457 (JGK) (BCM)<br>24-cv-05458 (VM) (BCM)<br>24-cv-05459 (JAV) (BCM)<br>24-cv-05460 (LJL) (BCM)<br>24-cv-05462 (GHW) (BCM)<br>24-cv-05463 (JLR) (BCM)<br>24-cv-05464 (JGK) (BCM)<br>24-cv-05465 (GHW) (BCM)<br>24-cv-05466 (JHR) (BCM) |
| *This filing relates to:*<br><br>All Coordinated Cases | **PROTECTIVE ORDER**<br><br>**MEMO ENDORSED** |

**BARBARA MOSES, United States Magistrate Judge.**

The Court found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the above-captioned Coordinated Cases, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive knowledge of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such Discovery Material

1

      to anyone else except as expressly permitted hereunder. Confidential or Attorney's Eyes Only Discovery Material may be utilized by the Receiving Party and its counsel only for the Coordinated Cases, *Artist Publishing Group, LLC, et al. v. Orlando Magic, Ltd.*; Case No. 24-cv-05461-JSR (S.D.N.Y.) (the "Magic Case"), and for no other purpose.

2.    The party producing Discovery Material may designate as "Confidential" or "Attorney's Eyes Only" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing party, seriously harm the producing party's business, commercial, financial, or personal interests or cause the producing party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separate from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.    With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "Confidential" or "Attorney's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorney's Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorney's Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final

transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at anytime prior to the trial of any of these Coordinated Cases or the Magic Case, a producing party realizes that some portion of the Discovery Material that that party previously produced without limitation should be designated as "Confidential" or "Attorney's Eyes Only," the producing party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorney's Eyes Only under the terms of this Order. In addition, the producing party shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorney's Eyes Only" designation within two (2) business days of providing such notice.

5. No person subject to this Order, other than the producing party, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

   a. the parties to the Consolidated Cases or the Magic Case;

   b. counsel retained specifically for the Consolidated Cases or the Magic Case, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on such matters;

   c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  e. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with the Consolidated Cases or the Magic Case, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  f. stenographers and video technicians engaged to transcribe or record depositions conducted in the Consolidated Cases;

  g. independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in the Consolidated Cases or the Magic Case, including computer service personnel performing duties in relation to a computerized litigation system;

  h. the Court and its staff; and

  i. any other person whom the producing party, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. No person subject to this Order, other than the producing party, shall disclose any Confidential Attorney's Eyes Only Discovery Material to any other person whomsoever, except to:

  a. counsel retained specifically for the Consolidated Cases or the Magic Case, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on such matters;

  b. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    c.    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with the Consolidated Cases or the Magic Case, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    d.    stenographers and video technicians engaged to transcribe or record depositions conducted in the Consolidated Cases;

    e.    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in the Consolidated Cases or the Magic Case, including computer service personnel performing duties in relation to a computerized litigation system;

    f.    the Court and its staff; and

    g.    any other person whom the producing party, or other person designating the Discovery Material "Attorney's Eyes Only," agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential or Attorney's Eyes Only Discovery Material to any person referred to in subparagraphs 5(d), 5(e) or 6(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of any of the Consolidated Cases or the Magic Case serve upon the designating party and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected parties shall request a joint telephone call with the Court to obtain a ruling.

9. Notwithstanding the designation of material as "Confidential" or "Attorney's Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of Magistrate Judge Moses in connection with any pretrial requests for filing under seal.

10. All parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

11. Each person who has access to Confidential or Attorney's Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

12. If, in connection with the litigation of any of the Coordinated Cases or the Magic Case, and despite having taken reasonable steps to prevent the disclosure of

information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a receiving party thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16. This Protective Order shall survive the termination of the litigation of each respective Coordinated Case. Within 30 days of the final disposition of the last remaining Coordinated Case, all Confidential and Attorney's Eyes Only Discovery Material and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed.

17. During the pendency of the Coordinated Cases, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| For Plaintiffs: | For Defendant: |
|---|---|
| Signed: */s/ Frank Trechsel* | Signed: */s/ Benjamin T. Pendroff* |
| Name: Frank Trechsel | Name: Benjamin T. Pendroff |
| Dated: February 19, 2025 | Dated: February 19, 2025 |
| | |
| JOHNSON & JOHNSON LLP | BARNES & THORNBURG LLP |
| Douglas L. Johnson | David Slovick |
| Frank R. Trechsel | NY Bar No. 5337811 |
| 439 N. Canon Dr. Suite 200 | 390 Madison Ave., 12th Fl. |
| Beverly Hills, CA 90210 | New York, New York 10017 |
| Telephone: (310) 975-1080 | Telephone: (646) 746-2000 |
| Fascimile: (310) 975-1095 | Fascimile: (646) 746-2001 |
| Email: djohnson@jjllplaw.com | Email: David.Slovick@btlaw.com |
| ftrechsel@jjllplaw.com | |
| Counsel for Plaintiffs | Anna Kalinina (*admitted phv*) |
| | Texas Bar No. 24092605 |
| | Benjamin T. Pendroff |
| | New York Bar No. 5013982 |
| | 2121 N. Pearl Street, Suit 700 |
| | Dallas, TX 75201-2469 |
| | Telephone: (214) 258-4200 |
| | Fascimile: (214) 258-4199 |
| | Email: Anna.Kalinina@btlaw.com |
| | Email: bpendroff@btlaw.com |

William Craver (*admitted phv*)
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310)   284-3771
Fascimile:   (310)   284-3894
Email: wcraver@btlaw.com
*Counsel for Defendant*

The Court understands the "Magic Case" to be *Artist Publishing Group, LLC v. Orlando Magic, Ltd. et al*, No. 24-cv-5461 (JSR).

**SO ORDERED.**

Dated:  February 20 , 2025

**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re Kobalt Music Publishing America, Inc. Coordinated Copyright Cases**<br><br>*This filing relates to:*<br><br>All Coordinated Cases | 24-cv-05454 (ER) (BCM)<br>24-cv-05455 (JAV) (BCM)<br>24-cv-05456 (AKH) (BCM)<br>24-cv-05457 (JGK) (BCM)<br>24-cv-05458 (VM) (BCM)<br>24-cv-05459 (JAV) (BCM)<br>24-cv-05460 (LJL) (BCM)<br>24-cv-05462 (GHW) (BCM)<br>24-cv-05463 (JLR) (BCM)<br>24-cv-05464 (JGK) (BCM)<br>24-cv-05465 (GHW) (BCM)<br>24-cv-05466 (JHR) (BCM)<br><br>**NON-DISCLOSURE AGREEMENT** |

**BARBARA MOSES, United States Magistrate Judge.**

I, _____ [print name], acknowledge that I have read and understand the Protective Order in the above-captioned Coordinated Cases governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorney's Eyes Only. I agree that I will not disclose such Confidential or Attorney's Eyes Only Discovery Material to anyone other than for purposes of the Coordinated Cases or the Magic Case, as defined in the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____
                                                [Signature]